COMMISSIONER OF ENVIRONMENTAL
PROTECTION *v.* TIMOTHY
MELLON ET AL.
(SC 17945)

Rogers, C. J., and Norcott, Katz, Palmer and Schaller, Js.

Argued February 14—officially released April 29, 2008

*David H. Wrinn*, assistant attorney general, with whom were *George W. O'Connell*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, for the appellant (plaintiff).

*Dean M. Cordiano*, with whom were *Sharon M. Seligman* and *John R. Bashaw*, for the appellees (defendants).

*Opinion*

ROGERS, C. J. The sole issue in this appeal[1] is whether the trial court properly determined that the plaintiff, the commissioner of environmental protection (commissioner),[2] was not eligible, under General Statutes § 22a-18 (e),[3] for an award of attorney's fees and costs after prevailing in his action against the defendants, Timothy Mellon and Goodspeed Airport, LLC,[4] pursuant to the Connecticut Environmental Protection Act of 1971 (act), General Statutes § 22a-14 et seq. We affirm the judgment of the trial court.

[1] The commissioner of environmental protection appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Arthur J. Rocque, Jr., was the commissioner when this action commenced. The current commissioner is Gina McCarthy. For clarity and convenience, all references in this opinion to the commissioner are to Rocque.

[3] General Statutes § 22a-18 (e) provides: "The court may award any person, partnership, corporation, association, organization or other legal entity which maintains an action under section 22a-16 or intervenes as a party in an action for judicial review under section 22a-19, and obtains declaratory or equitable relief against the defendant, its costs, including reasonable costs for witnesses, and a reasonable attorney's fee."

[4] The commissioner's complaint also named the East Haddam Land Trust and the Nature Conservancy as defendants because they owned the properties on which Mellon and Goodspeed Airport, LLC, had conducted their unlawful activities. They are not parties to this appeal. For convenience, we refer in this opinion to Mellon and Goodspeed Airport, LLC, as the defendants.

The record reveals the following undisputed facts and procedural history. Goodspeed Airport, LLC, operates an airport in East Haddam. Mellon is the sole member of Goodspeed Airport, LLC. The commissioner filed a three count complaint against the defendants alleging, inter alia, that they had violated the act by cutting all of the trees and other vegetation on approximately 2.5 acres of land adjacent to the airport owned by the East Haddam Land Trust and the Nature Conservancy. After a trial to the court, the court rendered judgment for the defendants on count one of the complaint alleging unreasonable impairment of wetlands and watercourses in violation of General Statutes § 22a-16, and for the commissioner on count three of the complaint alleging unreasonable impairment and destruction of floodplain forest in violation of § 22a-16. The defendants appealed to this court and the commissioner cross appealed. See *Rocque* v. *Mellon*, 275 Conn. 161, 164, 881 A.2d 972 (2005). We concluded that the trial court properly had rendered judgment for the commissioner on count three and that it improperly had rendered judgment for the defendants on count one. Id. Accordingly, we remanded the case to the trial court with direction to render judgment for the commissioner on count one. Id., 171. Thereafter, the United States Supreme Court denied the defendants' petition for a writ of certiorari. *Goodspeed Airport, LLC* v. *Ventres*, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006).

After this court remanded the case to the trial court, the commissioner, pursuant to § 22a-18 (e), filed an application for an award in the amount of $138,926.70 for attorney's fees, expenses and costs that had been incurred by the department of environmental protection in all phases of this litigation.[5] The trial court denied the application on the ground that a "person" entitled

---

[5] The commissioner sought $128,750 for attorney's fees; $6255.70 for expert fees and costs; and $3921 for trial transcripts.

to recover costs and fees under § 22a-18 (e) means natural persons and does not include public entities, such as the department of environmental protection.

This appeal followed. The commissioner claims that the trial court improperly denied his application for attorney's fees, expenses and costs on the ground that a public entity is not a "person" within the meaning of § 22a-18 (e). We disagree.

The meaning of the word "person" as used in § 22a-18 (e) is a question of statutory interpretation over which our review is plenary. See *Tracy* v. *Scherwitzky Gutter Co.*, 279 Conn. 265, 273, 901 A.2d 1176 (2006). When construing a statute, "General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Southern New England Telephone Co.* v. *Cashman*, 283 Conn. 644, 650, 931 A.2d 142 (2007). "Furthermore, we presume that laws are enacted in view of existing relevant statutes . . . and that [s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." (Internal quotation marks omitted.) *State* v. *Cardwell*, 246 Conn. 721, 738–39, 718 A.2d 954 (1998).

In the present case, the commissioner contends that the word "person," as used in § 22a-18 (e), is defined in General Statutes § 22a-2 (c), which provides in relevant part: "As used in this chapter[6] . . . except where otherwise provided, 'person' means any individual, firm, partnership, association, syndicate, company, trust, corporation, limited liability company, municipality,

---

[6] "[T]his chapter" refers to chapter 439 of title 22a of the General Statutes, of which § 22a-18 is a part.

agency or political or *administrative subdivision of the state,* or other legal entity of any kind." (Emphasis added.) Thus, he contends, the word "person" as used in § 22a-18 (e) plainly and unambiguously includes state agencies.

The defendants contend, to the contrary, that because § 22a-18 (e) refers only to "any person, partnership, corporation, association, organization or other legal entity," and does not refer expressly to the public entities listed in § 22a-2 (c), § 22a-18 (e) unambiguously excludes such public entities from its scope. The defendants further contend that, if the definition set forth in § 22a-2 (c) is applied to § 22a-18 (e), the enumeration of the various types of entities in that statute would be rendered redundant. Thus, the defendants argue, § 22a-18 (e) falls within the "where otherwise provided" exception to the definition of "person" set forth in § 22a-2 (c), and the word "person" under § 22a-18 (e) means a natural person.

We conclude that the legislature's decision to exclude some of the types of entities listed in § 22a-2 (c) from § 22a-18, but to include others, raises doubt as to whether the legislature intended for the definition of "person" set forth in § 22a-2 (c) to apply to § 22a-18 (e).[7] Accordingly, we conclude that the meaning of the

---

[7] The commissioner contends that the word "person" cannot be ambiguous because, when the legislature has statutorily defined a term, § 1-2z mandates that courts must apply the definition to all uses of the word unless the legislature expressly has indicated that another statutory definition applies. As we have indicated, however, § 1-2z authorizes the courts to consider the *entire text* of a statute *and its relationship to other statutes* in determining whether its text is plain and unambiguous. Section 1-2z does not require the courts to ignore the fact that the application of a statutory definition would render redundant certain language in the statute under review. Thus, in interpreting § 22a-18 (e), § 1-2z does not require us to ignore the fact that the text of the statute contains specific terms *other than* the term "person" that are also contained in § 22a-2 (c). Under the commissioner's interpretation, these terms would be superfluous. Accordingly, we reject this claim.

In a similar vein, the commissioner cites a number of authorities for the proposition that, when a term is defined by statute, courts have no authority

term "person" as used in § 22a-18 (e) is ambiguous and that we may consider extratextual sources in determining its meaning.

After considering these sources and the arguments of the parties, we conclude that the defendants' interpretation of § 22a-18 (e) is the more reasonable one. First, as the defendants point out, if the legislature had intended for § 22a-2 (c) to apply to § 22a-18 (e), it would have had no reason to enumerate the specific classes of entities in § 22a-18 (e), each of which already is included in the statutory definition of "person" in § 22a-2 (c), rendering further enumeration superfluous. "We generally reject a construction that renders any portion of a statute superfluous." *Interlude, Inc.* v. *Skurat*, 266 Conn. 130, 147, 831 A.2d 235 (2003).

Second, although the legislature enumerated certain classes of legal entities in § 22a-18 (e), it did *not* list public entities. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive."[8] (Internal quotation marks omitted.) *Bridgeport Hospital* v. *Commission on Human Rights & Opportunities*, 232 Conn. 91, 101, 653 A.2d 782 (1995).

---

to apply a different definition. It is of course true that, *when a statutory definition applies to a statutory term*, the courts must apply that definition. The question in the present case, however, is whether the statutory definition applies in the first instance. The authorities cited by the commissioner provide little guidance on that question.

[8] The commissioner appears to contend that this rule of statutory construction has no application because, in addition to its specific references to certain classes of entities, § 22a-18 (e) contains a general reference to "any . . . other legal entity . . . ." Under the doctrine of ejusdem generis, however, when a statute sets forth a specific enumeration of things, "general terms will be construed to embrace things of the same general kind or character as those specifically enumerated." (Internal quotation marks omitted.) *Hackett* v. *J.L.G. Properties, LLC*, 285 Conn. 498, 513–14, 940 A.2d 769 (2008). Because § 22a-18 (e) lists *private* entities, the phrase "other legal entity" includes unenumerated private entities.

Third, as the trial court recognized, the entities enumerated in § 22a-18 (e) are identical to those that are authorized to bring an action under § 22a-16,[9] with the sole exception that § 22a-18 (e) omits any reference to public entities. Section 22a-16 was enacted in 1971; Public Acts 1971, No. 71-96, § 3; whereas § 22a-18 (e), which specifically references § 22a-16 in delineating the entities who may be awarded costs and attorney's fees in an action brought pursuant to § 22a-16, was enacted in 1990. Public Acts 1990, No. 90-222, § 4. Accordingly, it is reasonable to conclude that the legislature had § 22a-16 in mind when it enacted § 22a-18 (e) and that it deliberately excluded the public entities listed in § 22a-16 from its scope.[10] The legislative history of § 22a-18 (e) strongly supports this interpretation. During the floor debate on the bill that ultimately was enacted as

[9] General Statutes § 22a-16 provides: "The Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, *any person, partnership, corporation, association, organization or other legal entity* may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business, except that where the state is the defendant, such action shall be brought in the judicial district of Hartford, for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction provided no such action shall be maintained against the state for pollution of real property acquired by the state under subsection (e) of section 22a-133m, where the spill or discharge which caused the pollution occurred prior to the acquisition of the property by the state." (Emphasis added.)

[10] We further note that § 22a-2 (c) was enacted in 1973, *after* § 22a-16 was enacted. See Public Acts 1973, No. 73-665, § 5 (c). "Our ordinary presumptions are strongly against amendment by implication." *State* v. *Miranda*, 274 Conn. 727, 745, 878 A.2d 1118 (2005) (*Borden, J.*, concurring). Accordingly, we must presume that § 22a-2 (c) does not apply to the word "person" as used in § 22a-16. This lends further support to our conclusion that, by using the language of § 22a-16 in § 22a-18 (e), and by omitting any reference to public entities, the legislature intended to exclude public entities from the scope of § 22a-18 (e).

§ 22a-18 (e), Senator Steven Spellman explained that the proposed legislation "authorizes a court to award costs to any *private entity* that successfully sues for declaratory and equitable relief . . . [under the] environmental protection laws." (Emphasis added.) 33 S. Proc., Pt. 9, 1990 Sess., p. 2916.

Finally, "[t]he common law rule in Connecticut, also known as the American Rule, is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Because we must respect the legislative prerogative of choosing the special circumstances under which [attorney's fees] awards may be made . . . we require a clear expression of the legislature's intent *to create a statutory exception [to the rule]*." (Citation omitted; internal quotation marks omitted.) *Ames* v. *Commissioner of Motor Vehicles*, 267 Conn. 524, 532–33, 839 A.2d 1250 (2004). "In the absence of such language, we will not presume that the legislature intended for [a statute] to operate in derogation of our long-standing common-law rule disfavoring the award of attorney's fees to the prevailing party." Id., 533. Although this rule typically is invoked when the statutory language is unclear as to whether it authorizes an award of attorney's fees to any person, we conclude that it also applies when the legislature clearly has authorized the court to award attorney's fees but, as in the present case, the statute is ambiguous as to whether a particular entity is entitled to such an award.

As the trial court also recognized, the defendants' interpretation is consistent with the public policy underlying the act and the legislature's "strong commitment to the act's broad remedial goals . . . ." *Fort Trumbull Conservancy, LLC* v. *New London*, 282 Conn. 791, 819, 925 A.2d 292 (2007). We previously have recognized that the act "is an example of a legislative enactment of what has been described as the expanding doctrine

of 'private attorney generals,' who are empowered to institute proceedings to vindicate the public interest. . . . By utilizing this procedure, the legislature expanded the number of potential guardians of the public interest in the environment into the millions, instead of relying exclusively on the limited resources of a particular agency." (Citations omitted.) *Greenwich* v. *Connecticut Transportation Authority*, 166 Conn. 337, 343, 348 A.2d 596 (1974). It is reasonable to conclude that this was a primary purpose of the act and that § 22a-18 (e) was intended to provide an incentive for these "private attorney generals" to take on the burden of vindicating the public interest in the environment by providing a mechanism to compensate them for the costs of doing so.[11] For all of the foregoing reasons, we conclude that the trial court properly concluded that, as used in § 22a-18 (e), the word "person" does not include public entities such as the commissioner.[12]

---

[11] The commissioner points out that other environmental statutes authorize an award of costs and fees to public entities. See General Statutes § 22a-44 (b) ("[a]ll costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action"); see also *Stamford* v. *Kovac*, 36 Conn. App. 270, 281, 650 A.2d 626 (1994) ("[t]here is nothing in § 22a-44 which countenances any distinction between fees paid a salaried employee and those paid an outside attorney at a specific hourly rate" [internal quotation marks omitted]). Therefore, the commissioner argues, construing § 22a-18 (e) to permit an award of costs and fees to public entities would not be an absurd or exceptional result. We have two responses to this argument. First, § 22a-44 (b) shows that, when the legislature intends to authorize an award of costs, fees and expenses to a public entity that prevails in an environmental action, it knows how to do so. Second, although this court avoids interpretations that *would* render an absurd result, the fact that a proposed interpretation *would not* lead to an absurd or exceptional result does not constitute affirmative evidence in favor of that interpretation. Rather, "[i]f a statute can be construed in several ways, we will adopt the construction that is *most reasonable*." (Emphasis added.) *Board of Education* v. *State Board of Education*, 243 Conn. 772, 782, 709 A.2d 510 (1998).

[12] Accordingly, we need not address the defendants' claim, effectively raised as an alternate ground for affirmance, that the commissioner was

The commissioner contends, however, that this interpretation cannot be reconciled with the provisions of General Statutes § 22a-16a, which specifically authorize the courts to grant certain forms of financial and equitable relief "[i]n any action brought by the Attorney General under section 22a-16 . . . in lieu of any other penalties, damages or *costs* awarded, or in addition to a reduced penalty, damages or *costs* awarded . . . ." (Emphasis added.) The commissioner points out that § 22a-18 (e) is the only statutory mechanism within the framework of the act by which a person who brings an action under § 22a-16 can obtain any form of monetary relief to recoup fees and costs. Therefore, he contends, for the quoted portion of § 22a-16a to have any effect, the attorney general must be eligible to obtain such an award on behalf of a public entity under § 22a-18 (e). We note, however, that General Statutes § 52-257 provides for an award of certain costs to the prevailing party in a civil action, including actions pursuant to § 22a-16. It is clear, therefore, that § 22a-18 (e) is not the only mechanism for obtaining an award of costs under the act. Accordingly, our conclusion that § 22a-18 (e) does not provide for an award of costs to a public entity does not render the quoted portion of § 22a-16a meaningless.

The judgment is affirmed.

In this opinion the other justices concurred.

---

not entitled to an award under § 22a-18 (e) because he did not obtain declaratory or equitable relief against the defendants. See General Statutes § 22a-18 (e) (court may award costs and fees to party that "obtains declaratory or equitable relief").